# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MSP RECOVERY CLAIMS, SERIES
LLC, SERIES 16-05-456 and SERIES
16-11-509,

        Plaintiffs,

v.                                          Case No: 6:18-cv-1456-Orl-40DCI

AIX SPECIALTY INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendant's Combined Motion to Dismiss Amended Class Action Complaint and Alternative Motion to Dismiss Class Allegations (Doc. 37 (the "**Motion**")), Plaintiffs' Response in Opposition (Doc. 51), and Defendant's Reply (Doc. 54). With briefing complete, the Motion is ripe. Upon consideration, the Motion is due to be denied.

## I.  STATUTORY FRAMEWORK

Before the Court enters the complex statutory arena that is Medicare's, a brief historical discussion is in order for context. The Medicare Secondary Payer Act ("**MSP Act**"), designed to cut costs, makes Medicare a "secondary payer" and shifts the obligation to pay for medical services to group health plans, workers' compensation, and no-fault and liability insurers, all considered "primary plans." 42 U.S.C. § 1395y(b)(2). The statute forbids Medicare from paying for services for which "payment has been made or can reasonably be expected to be made" by a primary payer. *Id.* § 1395y(b)(2)(A)(ii).

If a primary payer "has not made or cannot reasonably be expected to make payment with respect to the item or service promptly," Medicare may make a "conditional payment." *Id.* § 1395y(b)(2)(B)(i). In the event of a conditional payment, the primary payer is obligated to reimburse Medicare "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." *Id.* § 1395y(b)(2)(B)(ii). This responsibility may be demonstrated by "a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." *Id.*

"To give the reimbursement requirement some teeth, the MSP Act created a cause of action that permits the government to sue when it is not properly reimbursed." *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1316 (11th Cir. 2019); *see also* 42 U.S.C. § 1395y(b)(2)(B)(iii). And because private parties are often better situated than the government to know about liable primary payers, the MSP Act also created a private right of action that entitles successful private plaintiffs to recover double damages against primary payers. § 1395y(b)(3)(A).

Decades after the MSP Act was passed, Congress enacted the Medicare Advantage Program (also known as Medicare Part C). 42 U.S.C. § 1395w-21 *et seq.* The law authorized "Medicare to sub-contract its duties to private insurers, operating as Medicare Advantage Organizations (commonly called '**MAOs**')." *Tenet Fla.*, 918 F.3d at 1316. Under these contracts, MAOs provide benefits to Medicare enrollees in accordance with traditional Medicare in exchange for a fee. *Id.*

Since MAOs stand in Medicare's shoes, they are entitled to reimbursement of conditional payments rendered for services covered by a primary payer. *Id.* at 1317. If a primary payer improperly fails to reimburse a MAO, the MAO can sue for double damages using the private cause of action. *Id.*

## II. FACTUAL BACKGROUND[1]

Plaintiffs, MSP Recovery Claims, Series LLC ("**MSP Recovery**"), Series 16-05-456, and Series 16-11-509, bring this putative class action against Defendant, AIX Specialty Insurance Company ("**AIX**"), under the MSP Act. (Doc. 18).

Plaintiffs were assigned recovery rights against Defendant from various MAOs stemming from Medicare reimbursement claims that Defendant wrongfully failed to pay. (*Id.* ¶ 2). Plaintiffs allege two exemplar cases to support their claims.

On January 3, 2015, J.W. was injured in an accident in Florida, with such accident being covered under a no-fault insurance policy issued by Defendant. (*Id.* ¶ 8). At the time of the accident, J.W. was also enrolled in a Medicare Advantage plan issued and administered by Health First Health Plans, Inc. ("**HFHP**"), a MAO. (*Id.* ¶ 7). J.W. sustained numerous injuries from the accident and was treated by several medical care providers between January 3, 2015, and April 30, 2015. (*Id.* ¶¶ 8–10). The providers turned to J.W.'s MAO, HFHP, for payment of J.W.'s medical expenses. (*Id.* ¶ 10). HFHP was charged $27,831.05 from the providers and ultimately paid $3,614.62. (*Id.*). Plaintiffs aver Defendant is a primary payer with an obligation to reimburse HFHP because Defendant's

---

[1] This account of the facts comes from the Amended Complaint. (Doc. 18). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

3

insurance policy covered injuries stemming from the accident. (*Id.* ¶ 11). Defendant failed to reimburse HFHP despite its obligation. (*Id.*).[2]

On April 28, 2016, HFHP "assigned all rights to recover conditional payments made on behalf of its enrollees"—including rights to recover against Defendant for J.W.'s medical expenses—and associated claims data to MSP Recovery. (*Id.* ¶¶ 13–17). MSP Recovery thereafter assigned the rights it received from HFHP to Series 16-05-456—a separate legal entity created under Delaware law and MSP Recovery's LLC agreement. (*Id.* ¶¶ 18, 60–63).[3]

In another example of Defendant failing to reimburse a MAO, the Amended Complaint offers the example of V.T., who was injured in an accident in Florida that was covered by Defendant's insurance policy. (*Id.* ¶ 30). V.T. received medical care from providers; those providers billed V.T.'s MAO, Summacare, Inc. ("**Summacare**"), which paid a portion of V.T.'s accident-related medical expenses. (*Id.* ¶¶ 30–32). Again, Defendant failed to reimburse Summacare despite its legal obligation. (*Id.* ¶ 33). Thereafter, Summacare assigned its recovery rights to MSP Recovery, which in turn assigned its rights acquired from Summacare to a series subsidiary, Series 16-11-509. (*Id.* ¶ 36).

---

[2] Further, Defendant "reported and admitted to the Centers for Medicare & Medicaid Services ('**CMS**') that it was the primary payer for J.W." (*Id.* ¶ 11).

[3] MSP Recovery "established various designated series . . . to maintain various claims recovery assignments separate from other Company assets, and in order to account for and associate certain assets with certain particular series." (*Id.* ¶ 61). Under MSP Recovery's LLC agreement, each separate series is "owned and controlled" by MSP Recovery. (*Id.*). MSP Recovery has the right, as do the series themselves, to independently enforce claims assigned to each series. (*Id.*).

Plaintiffs bring this action to recover on the claims they have been assigned from MAOs to which Defendant owed Medicare reimbursements. In addition to recovery on the claims Plaintiffs acquired through assignment, Plaintiffs seek to recover on behalf of a Rule 23(b)(3) class of MAOs (and their assignees) that made conditional payments to a Medicare beneficiary where: (1) Defendant was a primary payer by virtue of a contractual obligation to pay for services covered by Defendant's insurance policies and also a Medicare Advantage plan; and (2) Defendant improperly failed to reimburse the MAOs. (*Id.* ¶¶ 67–75). Defendant moves to dismiss. (Doc. 37).

### III. STANDARD OF REVIEW

To survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

## IV. DISCUSSION

Defendant advances a handful of arguments for dismissal of both the Amended Complaint in its entirety and of the class action allegations specifically. (Doc. 37). The Motion misses the mark as the Amended Complaint is adequately pled.

### A. Arguments for Dismissal of Amended Complaint

#### 1. Validity of Assignments

Defendant maintains that Plaintiffs' claims fail because the Amended Complaint does not factually allege the claims were properly assigned to Plaintiffs. (Doc. 37, pp. 8–12). The Amended Complaint contains comprehensive allegations, and supportive exhibits, detailing Plaintiffs' thorough efforts at ensuring proper assignment of reimbursement claims from the MAOs to Plaintiffs. Upon review, the Court finds that Plaintiffs have plausibly alleged valid assignments.

#### 2. Reasonable, Necessary, and Related

Defendant next argues the Amended Complaint is impermissibly vague because it fails to factually allege that the conditional payments made by the MAO assignors were reasonable, necessary, and related to the automobile accidents at issue. (*Id.* at pp. 2–7). To be sure, Defendant need only reimburse Medicare (or MAOs servicing Medicare enrollees on Medicare's behalf) for bills that are "reasonable, necessary, and related to the automobile accident." *MSP Recovery, LLC v. Allstate Ins. Co.*, No. 15–20788–CIV, 2015 WL 10857402, at *3 (S.D. Fla. June 24, 2015). The exacting details Defendant demands are not required at the motion to dismiss stage. *See, e.g.*, Fed. R. Civ. P. 8. Though Plaintiffs need not prove (and the Court need not judge) the reasonableness, necessity, or relatedness of each and every medical item in the complaint, the Amended

Complaint's allegations on those requirements go far beyond plausibility. For instance, J.W. suffered "closed fracture[s] of metacarpal bones" and "multiple sites of metacarpus." (Doc. 18, ¶ 8). Her treatment for these injuries included taking x-rays, treating the fractures, and applying a splint. (*Id.* ¶ 9). No doubt these allegations plausibly demonstrate that Plaintiffs' claims stem from reasonable, necessary, and related medical treatment. *See Allstate Ins. Co.*, 2015 WL 10857402, at *3; (Doc. 18, ¶¶ 8–9, 30–31).

### 3. Statute of Limitations

Next, Defendant argues that Plaintiffs' claims are due to be dismissed as untimely. In support, Defendant directs the Court to 42 U.S.C. § 1395y(b)(2)(B)(vi), entitled "Claims-filing period," which provides:

> Notwithstanding any other time limits that may exist for filing a claim under an employer group health plan, the United States may seek to recover conditional payments in accordance with this subparagraph where the request for payment is submitted to the entity required or responsible under this subsection to pay with respect to the item or service (or any portion thereof) under a primary plan within the 3-year period beginning on the date on which the item or service was furnished.

(Doc. 37, pp. 12–13). Plaintiffs dispute § 1395y(b)(2)(B)(**vi**)'s applicability, arguing that the correct limitations period is prescribed by § 1395y(b)(2)(B)(**iii**), entitled "Action by United States," which provides:

> In order to recover payment made under this subchapter for an item or service, the United States may bring an action against any or all entities that are or were required or responsible . . . under a primary plan. The United States may, in accordance with paragraph (3)(A) collect double damages against any such entity. . . . An action may not be brought by the United States under this clause with respect to payment owed unless the complaint is filed not later than 3 years after the date of the receipt of notice of a settlement, judgment, award, or other payment made pursuant to paragraph (8) relating to such payment owed.

(Doc. 51, pp. 21–22).

7

Defendant cites *MSPA Claims 1, LLC v. Kingsway Amigo Insurance Co.*, 361 F. Supp. 3d 1270 (S.D. Fla. 2018), which held that § (B)(vi) requires MAOs to request payment from a liable primary payer "within three years from the date on which the item or services were furnished to the Medicare enrollee." *Id.* at 1272. Plaintiffs cite another decision from the Southern District of Florida which reached the opposite conclusion, holding that § (B)(iii), not § (B)(vi), sets out the applicable statute of limitations, *MSPA Claims 1, LLC v. Bayfront HMA Medical Center, LLC*, No. 17-cv-21733, 2018 WL 1400465, at *6 (S.D. Fla. Mar. 20, 2018). Both decisions are on appeal.

The Court agrees with the reasoning and conclusion reached in *Bayfront*. Indeed, "[s]ubparagraph (B)(vi) does not contemplate litigation." *Id.* at *6. Instead, it establishes the time in which the government must request reimbursement. *Id.* Subparagraph (B)(iii) is the applicable section because it clearly contemplates litigation. Subparagraph (B)(iii) is entitled Action by United States and "detail[s] the United States' ability to bring a cause of action for double damages[.]" *See Bayfront*, 2018 WL 1400465, at *6. Accordingly, § (B)(vi) is inapposite.

Defendant only argues that Plaintiffs' claims are barred by the § (B)(vi) limitations period, not the § (B)(iii) period. (Doc. 37, pp. 13–14; Doc. 54, p. 2). The Motion is therefore denied on this ground.

**B.     Arguments for Dismissal of Class Allegations/Claims**

Finally, Defendant takes aim at the Amended Complaint's class action allegations, assailing them from a variety of angles. (Doc. 37, pp. 17–30). The Court does not reach these arguments, however, as they are premature. *See Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016) (per curiam) ("[C]lass certification is an

evidentiary issue, and 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)))[4]; *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309–10 (11th Cir. 2008) (reversing district court's decision, based only on the complaint, not to certify a class, noting that the district court's attendant conclusions were "speculative at best and premature at least").

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. 37) is **DENIED**. Defendant shall answer the Amended Complaint no later than Wednesday, June 5, 2019.

**DONE AND ORDERED** in Orlando, Florida on May 22, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).